**FILED**
CLERK, U.S. DISTRICT COURT

9/7/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_DTA\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>JULIAN GONZALEZ-GALARZA,<br><br>            Defendant. | No. 8:22-cr-00133-FWS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 922(g)(1), (g)(8): Prohibited Person in Possession of Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. §§ 922(g)(1), (8)]

On or about August 16, 2022, in Orange County, within the Central District of California, defendant JULIAN GONZALEZ-GALARZA knowingly possessed the following ammunition, some of which was loaded in a Glock-type 9mm firearm bearing no serial number (commonly referred to as a "ghost gun"), each in and affecting interstate and foreign commerce:

     (1)    Six rounds of Prvi Partizan 9mm ammunition;

     (2)    Two rounds of Winchester 9mm ammunition;

   (3) Two rounds of Federal Cartridge Company 9mm ammunition;

   (4) Two rounds of Sellier and Bellot 9mm ammunition;

   (5) One round of Giulio Fiocchi Lecco 9mm ammunition;

   (6) One round of Geco 9mm ammunition; and

   (7) One round of Precision Made Cartridges 9mm ammunition.

 Defendant GONZALEZ-GALARZA possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

 1. Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Orange, case number 07NF2010, on or about July 20, 2007;

 2. Transportation of Methamphetamine with the Intent to Sell, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, County of Orange, case number 11NF1572, on or about July 5, 2011;

 3. Battery with Serious Injury, in violation of California Penal Code Section 243(d), and Assault on Another by Force Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of Orange, case number 14NF3062, on or about August 28, 2014;

 4. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), Felon in Possession of Ammunition, in violation of California Penal Code Section 30305(a)(1), and Unlawful Evasion of Police, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the

State of California, County of Orange, case number 17NF2362, on or about July 27, 2018;

    5.    Possession of Methamphetamine with the Intent to Sell, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Orange, case number 20CF2528, on or about November 24, 2020; and

    6.    Evading a Police Officer with Reckless Driving, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California, County of Orange, case number 20NF2905, on or about November 24, 2020.

Furthermore, defendant GONZALEZ-GALARZA possessed such ammunition knowing that he was subject to a court order issued on or about August 28, 2014, in the Superior Court of the State of California, County of Orange, case number 14NF3062, which was issued after a hearing of which he received actual notice and at which he had an opportunity to participate, restraining him from harassing, stalking, and threatening an intimate partner, and restraining him from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury, and that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

4

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                          /s/
                                        Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office